UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WILLIAM P. BARNHILL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 08-248-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff William P. Barnhill, Jr. ("Barnhill") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 11]  Barnhill seeks remand pursuant to sentence four of 42 U.S.C. § 405(g) on the grounds that the Administrative Law Judge ("ALJ") erred by not providing the requisite "good reasons" to explain the weight assigned to the treating physician's opinion, and that the ALJ's denial of benefits is not supported by substantial evidence. [Record No. 10]  The Commissioner contends that the ALJ's decision to deny period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") should be affirmed, because the ALJ properly evaluated the treating physician's opinion, and because substantial evidence supports his conclusion. [Record No. 11] Because the ALJ failed to comply with the requirements in 20 C.F.R. §§ 404.1527(d)(2),

416.927(d)(2)[1] by not providing "good reasons" for the weight he gave to a treating source's opinions, the ALJ's decision will be reversed, and this matter will be remanded for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g).

### I. Background

Barnhill protectively filed applications for period of disability, DIB, and SSI on August, 9, 2005, alleging onset of disability as of October 15, 2004. His claim was denied initially and on reconsideration. Thereafter, Barnhill requested an administrative hearing before an ALJ.

On October 26, 2006, an administrative hearing was held before the Honorable James P. Alderisio in London, Kentucky. During the hearing, the ALJ received testimony from Barnhill and William Ellis, an impartial vocational expert ("VE"). [Tr., pp. 248–50] On December 29, 2006, the ALJ issued a decision finding that "[t]he claimant has not been under a 'disability' as defined in the Social Security Act, from October 15, 2004 through the date of this decision." [Tr., p. 24] Thus, the ALJ concluded that Barnhill was not entitled to period of disability or DIB, and was not eligible for SSI payments. [*Id.*]

At the time of the administrative hearing, Barnhill was 43 years old with a high school equivalency degree and previous work experience as a parts store manager, a mechanic's helper, and a fast food manager. Barnhill alleges disability due to disc extrusion at the C5–6 level with spinal stenosis, cervical radiculopathy, carpal tunnel syndrome, and hypertension. [Record No. 10, p. 2] After reviewing the medical evidence of record and the testimony presented at the hearing, ALJ found that Barnhill's degenerative disc disease of the cervical spine, carpal tunnel

---

[1]  DIB claims are governed by 20 C.F.R. § 404 *et seq.*, and SSI claims are governed by 20 C.F.R. § 416 *et seq.* The language is identical or nearly the same in both sections of regulations.

syndrome, and hypertension constitute severe impairments. [Tr., p. 20] However, the ALJ also found that Barnhill does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. *See* 20 C.F.R. Part 404 Appendix 1 (Listing of Impairments); 20 C.F.R. §§ 404.1525, 416.925 (explanation of Listing of Impairments); 20 C.F.R. §§ 404.1526, 416.926 (explanation of "medical equivalence" of listed impairments). The ALJ also found that Barnhill retained the residual functional capacity ("RFC") to perform work at the light exertional level with some additional limitations. *See* 20 C.F.R. §§ 404.1545, 416.945 (explanation of residual functional capacity); 20 C.F.R. §§ 404.1567(b), 416.967(b) (defining "light work"). [Tr., p. 21] Specifically, the ALJ found that:

> the claimant has the residual functional capacity to perform work at the light exertional level. The claimant can perform no work requiring climbing of ladders/ropes/scaffolds or exposure to hazardous and/or vibratory machinery and unprotected heights. The claimant can no more than occasionally reach overhead using his right arm. Additionally he has a limited but satisfactory ability to deal with work stresses; to maintain attention/concentration; and to understand, remember, and carry out detailed instructions.

[*Id*.] In assessing Barnhill's RFC, the ALJ assigned "great weight" to the opinions of consultative examiner Dr. Jules Barefoot. [Tr., pp. 22, 167–90] However, the ALJ did not explain what, if any, weight he assigned to the opinions of treating physician Dr. John Michael Watts. [Tr., p. 22, 208–11] The ALJ only noted that he found Dr. Watts' opinion to be "conclusory," and that Dr. Watts "has only offered conservative medical management with no recent referrals to a specialist." [Tr., p. 22]

At the administrative hearing, the ALJ incorporated these limitations into a hypothetical posed to the VE. In response, the VE testified that a sufficient number of jobs exist at the

-3-

regional and national levels that would be suitable for a person with Barnhill's limitations.[2] [Tr., pp. 248–50] Based on the medical evidence in the record and the testimony of both Barnhill and the VE, the ALJ concluded that Barnhill was not disabled under §§ 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act. [Tr., p. 24]

## II.     Standard of Review

Judicial review of the denial of a claim for social security benefits is limited to determining whether the proper legal standards were applied and whether the ALJ's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If a court concludes that the ALJ improperly applied, or failed to apply, a legal standard, then the court need not reach the substantial evidence question. *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Branham v. Gardner*, 383 F.2d 614, 626–27 (6th Cir. 1967) (noting that the "facts must be evaluated by the administrator in the light of correct legal standards to entitle the administrative finding to the insulation of the substantial evidence test," and that "when the fact finder has failed to employ the proper legal standard in making its determination the finding may not stand")) (citations omitted).

## III.    Analysis

Barnhill contends that the ALJ did not apply the proper legal standards in his decision, because he did not provide good reasons explaining the weight assigned to Dr. Watts' opinions.

---

[2] The Court also notes that the VE testified that there were sufficient medium exertional jobs both regionally and nationally for a person with these limitations. [Tr., p. 249]

[Record No. 10, p. 7–8] Thus, he claims that the matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

### A. ALJ Failed to Give Good Reasons

Regardless of its source, an ALJ is required to evaluate every medical opinion received into the record. 20 C.F.R. § 404.1527(d) and § 416.927(d). A physician qualifies as a "treating source" if the claimant sees him or her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (quoting 20 C.F.R. §§ 404.1502, 416.902).

Generally, more weight is given to treating sources' opinions, because a treating source is likely to be most able to provide "a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If a treating source's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the claimant's record, then this opinion is entitled to controlling weight. *Id.* However, if the treating source's opinion is not entitled to controlling weight, this does not necessarily mean that the opinion should be completely rejected. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 372 (6th Cir. Mar. 1, 2006) (unpublished) (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 (1996)). Rather, the ALJ must determine what weight to give the opinion by considering

the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)–(6), 416.927(d)(2)–(6).

Finally, the regulations provide that the ALJ "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  This is a "clear elaboration requirement imposed explicitly by the regulations." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008).  As Social Security Ruling ("SSR") 96-2p explains:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5. *See also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  The dual purpose for this good reasons requirement is: (1) to help claimants understand the disposition of their case; and (2) to "ensure that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544–45 (citations omitted).  Failure to abide by this requirement can result in the matter being remanded. *Id.* at 545 (citing *e.g., Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000), *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999), *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not

provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.")).

Dr. Watts was Barnhill's treating physician from October 2002 through at least September 19, 2006.[3] On January 15, 2006, Dr. Watts filled out a *Medical Assessment of Ability to Do Work-Related Activities* form in which he opined that Barnhill could occasionally[4] carry up to 10 lbs., could sit a total of 1–2 during an 8-hour work day, and could occasionally climb, balance, crouch, kneel, and crawl. However, Dr. Watts added that "Mr. Barnhill will have to endure pain in all these activities." [Tr., pp. 208–09] In addition, Dr. Watts opined that Barnhill's impairments affect his ability to push and pull, and that he needed restrictions regarding heights and moving machinery. [Tr., p. 210] Finally, Dr. Watts concluded that:

> Mr. Barnhill could probably do the above acts on a PNR basis, but would have high absenteeism due to pain. This will probably result in being fired or released from any job that he does. The only reason he lasted any time in auto body work was he was self employed and stopped or took off work when he had to. This guy wants to work but is physically unable to hold down employment.

[Tr., p. 211]

The ALJ notes that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-6p, and 06-3p" when assessing Barnhill's RFC. [Tr., p. 21] Although the ALJ noted that he assigned great weight to the opinion of

---

[3] During this period, Barnhill was also examined by Drs. Margolies and Chumley per Dr. Watts' referrals, and by Dr. Barefoot, a consultive examiner.

[4] The term "occasionally" has a specific meaning defined on this form as being able to do an activity "from very little up to 1/3 of an 8-hour workday." [Tr., p. 209]

consultive examiner Dr. Barefoot, the ALJ gave no explanation of what weight, if any, he assigned to Dr. Watts' opinion.

The following is the ALJ's entire discussion on the weight given to the various medical opinions in the record for the purpose of assessing RFC:

> As for the opinion evidence, Dr. Watts completed a Medical Assessment Form on January 25, 2006, in which he opined the claimant was severe[ly] limited in his work-related abilities. The opinion of a treating physician is entitled to great weight unless there is persuasive contradictory evidence. A treating physician's medical opinion, on the issue of the nature and severity of an impairment, is entitled to special significance; and, when supported by objective medical evidence and consistent with other substantial evidence of record, entitled to controlling weight. *However, Dr. Watts's opinion is conclusory. He has only offered conservative medical management with no recent referrals to a specialist.*
>
> Consultive examiner Barefoot opined the claimant's ability to do significant strenuous work-related activities was impaired, including his ability to lift/carry with his right arm. This opinion has been assigned great weight in assessing the claimant's residual functional capacity. State agency medical consultants concluded the claimant could perform work at the medium exertional level with limited reaching; however, giving the claimant the benefit of the doubt, the undersigned concludes that a light exertional level is more appropriate.

[Tr., p. 22] (emphasis added) (internal citations omitted). The ALJ devoted only the two italicized sentences to Dr. Watts' opinion, and these sentences are insufficient to constitute the good reasons he was required to give pursuant to 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

The Commissioner's motion for summary judgment presents two arguments for why the ALJ's treatment of Dr. Watts' opinion was sufficient. First, the Commissioner argues that opinions on issues such as the claimant's RFC are not medical opinions, but rather are opinions on issues reserved for the Commissioner. [Record No. 11, p. 5] While it is true that the ultimate

-8-

determination of a claimant's RFC is reserved for the Commissioner, the treating source rule is still applicable when the treating source give an opinion regarding the claimant's RFC. This was recently addressed by the Seventh Circuit in *Oakes v. Astrue*, 258 F. App'x 38 (7th Cir. Dec. 20, 2007) (unpublished). The *Oakes* Court held:

> The ALJ's decision reveals a misunderstanding of [the treating physician rule]. While the ALJ correctly articulates the rule at one point, he goes on to state: "[T]he issue of residual functional capacity is one reserved to the Commissioner or her designate the administrative law judge by [Soc. Sec. Rul. 96-5p, 1996 WL 374183, *2 (1996)]. As such, even [a] treating source opinion on reserved issues (of which RFC is one) is given no special weight." The Social Security Ruling cited by the ALJ simply recognizes that the Commissioner makes the final determination about an applicant's residual functional capacity and that this determination must be "based upon consideration of all relevant evidence in the case record." The treating-physician rule determines how the ALJ must weigh the opinion of the treating source. If the opinion of the treating physician is supported by acceptable medical evidence and is not inconsistent with other substantial evidence in the record, it must be given controlling weight. But here the ALJ asserted that the opinion of the treating physician . . . was to be given "no special weight" because it concerned [the claimant's] residual functional capacity. This understanding of the governing legal standard is wrong. And the mistake is, in and of itself, a reason to remand.

*Oakes*, F. App'x at *44 (internal citations omitted).

The reasoning in *Oakes* is persuasive. Since the treating physician rule applies even in situations where an opinion is on an issue reserved for the Commissioner, the good reasons requirement in 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) applies as well. *See Wilson*, 378 F.3d at 544–45 (noting that the good reasons requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

The Commissioner argues that the ALJ provided good reasons for rejecting Dr. Watts' opinion. [Record No. 11, p. 6] However, the Court disagrees with this assessment. While good reasons may exist for the rejection of Dr. Watt's opinions, the fact remains that the ALJ failed to adequately articulate these reasons in his decision. As shown above, the ALJ devoted only two sentences to Dr. Watts' opinions. These two sentences do not fulfill the dual purpose of the good reasons requirement – (1) to help the claimant understand the disposition of his case, and (2) to permit meaningful review of the ALJ's application of the treating physician rule. *See Wilson*, 378 F.3d at 544–45.

Failure to provide good reasons for the weight given to a treating source's opinion is frequently argued by claimants, and the Sixth Circuit has distinguished the holding in *Wilson* on a number of occasions. *See, e.g., Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 344 (6th Cir. Jun. 25, 2008) (unpublished) (distinguishing from *Wilson* where the "ALJ's opinion was not a 'summary dismissal,' but rather reflected a detailed thorough examination of the evidence in the record, with particular emphasis on the inconsistency" of the treating source's conclusions with the recommendations of other physicians); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. Jan. 15, 2008) (unpublished) (distinguishing from *Wilson* where the ALJ provided "a lengthy, accurate, and thorough discussion" of the claimant's treating physician's reports and findings); *Morris v. Barnhart*, 223 F. App'x 465, 468 (6th Cir. May 8, 2007) (unpublished) (distinguishing from *Wilson* where the ALJ did not summarily dismiss the treating physicians' opinion, but rather "detailed, at substantial length, why he found them to be lacking, compared

them with other evidence, and ultimately included some of their conclusions in his hypothetical" regarding the claimant's RFC). However, unlike *Kidd*, *Vance*, and *Morris*, Dr. Watts' opinion was summarily dismissed, and the ALJ's opinion does not contain any thorough examination of Dr. Watts' opinions. For these reasons, the ALJ's erred by failing to provide the requisite good reasons explaining the weight assigned to Dr. Watts' opinions. Accordingly, remand is appropriate absent a finding of harmless error.

### B.     ALJ's Error Was Not Harmless

For an agency's violation of its own procedural rules to constitute reversible error, there must be a showing that "the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Sev. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983). In *Wilson*, the Sixth Circuit held that the good reasons requirement is an important procedural safeguard for claimants, and that an ALJ's failure to give these good reasons constitutes a deprivation of substantial rights. *Wilson*, 378 F.3d at 547. The *Wilson* Court did leave open the possibility that a *de minimis* violation of the good reasons requirement may constitute harmless error, such as where "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it." *Id.* at 547. *See also Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (holding that an ALJ's failure to state how much weight was given to the treating source's opinion is harmless under *Wilson* because the ALJ's opinion is completely consistent with the treating source's opinion). However, while Dr. Watts' opinion of Barnhill's RFC was more restrictive than that of Dr. Barefoot, Dr. Watts' opinion was

-11-

not so patently deficient as to warrant a finding of harmless error. In addition, as the *Wilson* Court explained:

> A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely. A procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway. To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [20 C.F.R.§§ 404.1527(d)(2) and 416.927(d)(2)], would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory.

*Id.* at 546. Following the reasoning in *Wilson*, the ALJ's failure to comply with the good reasons requirement in 20 C.F.R.§§ 404.1527(d)(2) and 416.927(d)(2) constitutes reversible error.

Although substantial evidence *may* otherwise support the ALJ's decision in this case, the Court need not address this issue. *See Morris*, 223 F. App'x at 468 (noting that the substantial evidence standard is reviewed after the good reasons procedural safeguard is met); *Preslar*, 14 F.3d at 1110 (noting that if the ALJ applied an improper legal standard, then the court need not address the issue of substantial evidence). The ALJ failed to employ the proper legal standard by not providing good reasons to explain the weight given to Dr. Watts' opinions. Therefore, the Court will reverse the ALJ's decision to deny benefits, and will remand the matter for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g).

### IV.    Conclusion

For the reasons stated herein, it is **ORDERED** that:

(1)     Plaintiff William Preston P. Barnhill, Jr.'s motion for summary judgment [Record No. 10] is **GRANTED**;

(2)     Defendant Commissioner Michael Astrue's motion for summary judgment [Record No. 11] is **DENIED**; and

(3)     The decision of Administrative Law Judge James P. Alderisio is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

This 31st day of March, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge